IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lawrence H. Piotter,  :

        Plaintiff  :  Civil Action 2:08-cv-00649

  v.  :  Judge Holschuh

Michael J. Astrue, Commissioner
of Social Security,  :  Magistrate Judge Abel

        Defendant
  :

**ORDER**

This matter is before the Court on plaintiff Lawrence H. Piotter's April 8, 2009 objections to Magistrate Judge Abel's March 27, 2009 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Piotter is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues that the Magistrate Judge erred in finding that substantial evidence supported the administrative law judge's conclusion that he did not have a severe mental impairment. On November 4, 2004, Dr. Donaldson, a psychologist, examined Piotter and determined that he displayed symptoms to support diagnoses of mood disorder, anxiety disorder, and bereavement. Dr. Donaldson assigned a Global Assessment of Functioning score of 45 to 55, which is consistent with a severe to

moderate impairment in social and occupational functioning. Dr. Donaldson determined that Piotter's ability to perform repetitive tasks and withstand the pressures associated with day-to-day work activity were moderately limited.

Plaintiff argues that the administrative law judge failed to address those portions of Dr. Donaldson's narrative supporting his assessment. On examination, plaintiff exhibited inappropriate affect, past suicidal ideation, mood swings, depression, lack of motivation, loss of interest in activities, fatigue, insomnia, sense of worthlessness, psychomotor retardation, and obsessive thoughts. On the other hand, the administrative law judge noted that plaintiff had a normal IQ, adequate grooming, and was able to cooperate with others. Plaintiff maintains that these findings have no bearing on his functional area of concentration, persistence, or pace or are pertinent to determining whether a severe mental impairment exists.

There is nothing in Dr. Donaldson's report that would have required the administrative law judge to find Piotter disabled. Piotter was not seeking treatment for psychological condition at the time he was given a disability examination by Dr. Donaldson. As the Report and Recommendation summarizes, Piotter's

> daily activities included cooking, going to the library, shopping for groceries, driving, and learning to use a computer. (R. 145.) He used public transportation to get to his appointment with Dr. Donaldson. (R. 142.) He reported getting along adequately with neighbors, clerks in stores, and people in public agencies. Piotter said he got along well with supervisors and co-workers. (R. 143.)
> On WAIS-III testing, Piotter's intellectual abilities were in the average range. (R. 145.) Dr. Donaldson diagnosed mood disorder, not otherwise specified; anxiety disorder, not otherwise specified; and

2

> bereavement. Dr. Donaldson assigned a Global Assessment of Functioning ("GAF") score 45-55. (R. 147.) Dr. Donaldson opined that Piotter's ability to understand, remember, and carry out one- or two-step jobs was not impaired. His ability to perform repetitive tasks might be moderately limited due to his medical problems, although his level of motivation could be lacking due to his mental impairments. His ability to attend to relevant stimuli was mildly impeded. His interpersonal relationship skills and his ability to relate to supervisors and co-workers was not limited. His ability to withstand the stress and pressures associated with day-to-day work activity appeared moderately limited.

(Doc. 13, pp. 5-6.) Piotter did seek mental health treatment from Columbus Area, Inc. beginning in November 2006 and continuing at least through November 2007. Nothing in the treatment notes from Columbus Area, Inc. would have required the administrative law judge to find greater limitations based on a psychological impairment. Counseling notes indicated that Piotter was "socializing better with friends and possible dating relationship." (R. 226.) Through at least September 2007, Piotter continued to work part-time checking I.D.s at an area bar. (R. 125 and 219.) He maintained socialization by interacting with his god children and their family. (R. 219.)

The Magistrate Judge correctly concluded that the administrative law judge did not err in relying on the assessment of Dr. Chambly, a State of Ohio Bureau of Disability Determination psychologist, who found only mild limitations with respect to Piotter's activities of daily living, social functioning, and concentration, persistence or pace.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED.** Defendant's motion for summary judgment is **GRANTED.** The

decision of the Commissioner is **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED.**


Date: July 29, 2009                                   **/s/ John D. Holschuh**
                                                      John D. Holschuh
                                                      United States District Judge